1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF NEVADA**

6

7   UNITED STATES OF AMERICA,                )
                                             )
            Plaintiff,                       )
8                                            )
        vs.                                  )        3:11-cr-00088-RCJ-VPC-**1**
9                                            )
    GUADALUPE ROJAS-GUZMAN,                   )
10                                           )
            Defendant.                       )
11  _____ )
                                             )
12  GUADALUPE ROJAS-GUZMAN,                   )
                                             )
13          Plaintiff                        )
                                             )        3:14-cv-00470-RCJ
14      vs.                                  )
                                             )        **ORDER**
15  UNITED STATES OF AMERICA,                 )
                                             )
16          Defendant.                       )
    _____ )

17          Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence

18  Pursuant to 28 U.S.C. § 2255 (ECF No. 41).[1]  For the reasons given herein, the Court denies the

19  motion.

20  **I.      FACTS AND PROCEDURAL HISTORY**

21          Defendant Guadalupe Rojas-Guzman pled guilty to one count of Unlawful Reentry by a

22  Deported, Removed, or Excluded Alien, 8 U.S.C. 1326(a), and the Court sentenced him to 240

23

24  _____

25          [1]Except where otherwise noted, all citations to the record in this Order refer to Case No.
    3:11-cr-88.

1   months imprisonment. (*See* Am. J. 1–2, ECF No. 35).  The Court simultaneously sentenced

2   Defendant to 264 months imprisonment for a separate offense charged in Case No. 3:10-cr-109.

3   Defendant appealed both convictions and sentences.  The Court of Appeals affirmed in both

4   cases, noting that Defendant had not raised any claims of error as to the conviction for unlawful

5   reentry and had therefore waived any claims in this case. (*See* Mem. Op. 2 n.1, June 19, 2013,

6   ECF No. 38).  The mandate issued on July 12, 2013. (*See* Mandate, ECF No. 39).  Defendant has

7   filed the present motion, asking the Court to vacate, set aside, or correct his sentence under 28

8   U.S.C. § 2255.  Defendant has filed the motion both in the underlying criminal case and

9   separately such that the Clerk has opened a second, civil case based on the motion.  Only the

10   filing of the motion in the underlying criminal case was proper.  The Court will therefore strike

11   the motion in the separate civil case and order the Clerk to close that case.  The Court will

12   address the motion in the underlying criminal case.

13   **II.     LEGAL STANDARDS**

14          Substantive legal arguments not raised on direct appeal are said to be "procedurally

15   defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538

16   U.S. 500, 504 (2003).  There are exceptions to the procedural default rule when a defendant can

17   show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957,

18   962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).  This has been

19   the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

20          "Cause" means "some objective factor external to the defense" that impeded the

21   defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467,

22   493 (1991).  Among the reasons that can constitute "cause" are government coercion, *see United*

23   *States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see*

24   *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or

25                                              Page 2 of  6

1  legal basis for the claim." *See id.*

2  Ineffective assistance of counsel is "cause" excusing procedural default only where the

3  failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*,

4  341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

5  Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally

6  defaulted, and such claims can be brought for the first time under a § 2255 motion even if they

7  could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504.  Ineffective assistance

8  of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim.

9  The prejudice required is the same, but the cause is based specifically on constitutionally

10  deficient counsel rather than some other miscellaneous "objective factor external to the defense."

11  *McCleskey*, 499 U.S. at 493.

12  The Sixth Amendment right to effective assistance of counsel is violated when: (1)

13  counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the

14  Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of

15  a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  There is a "strong

16  presumption" of reasonable professional conduct. *Id.* at 698.  When this presumption is

17  overcome and an attorney's "unprofessional errors" are such that there is a "reasonable

18  probability" the result would have been different had the errors not occurred, the defendant has

19  been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375

20  (1986).  "Reasonable probability" is a lower standard than "more likely than not." *Nix v.*

21  *Whiteside*, 475 U.S. 157, 175 (1986).  The analysis does not focus purely on outcome. *Lockhart*

22  *v. Fretwell*, 506 U.S. 364, 369 (1993).  The trial must also have been fundamentally unfair or

23  unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000).  Counsel's tactical decisions with

24  which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions

25

1    are so poor as to meet the general test for constitutionally defective assistance. *See Dist.*

2    *Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

3           "Prejudice" means that "the constitutional errors raised in the petition actually and

4    substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness."

5    *Murray v. Carrier*, 477 U.S. 478, 494 (1986).  A showing of prejudice requires demonstration of

6    a "reasonable probability that . . . the result of the proceedings would have been different.  A

7    reasonable probability is a probability sufficient to undermine confidence in the outcome."

8    *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

9           Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot

10   be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see*

11   *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to

12   appeal does not constitute "cause" excusing procedural default on an issue).  This is a

13   commonsense rule.  If waiver of the right to appeal itself constituted cause excusing a failure to

14   appeal, a defendant who had waived his right to appeal would have the same ability to obtain

15   review as a defendant who had not waived that right.

16   **III.    ANALYSIS**

17          Because Defendant failed to raise any claims on direct appeal, any claims in the present

18   motion (except those for ineffective assistance) are procedurally defaulted, and Defendant has

19   waived any such collateral challenges to his conviction and sentence, anyway. (*See* Plea Mem.

20   ¶ 13, ECF No. 26).  Therefore, the Court will address only the first two grounds for review,

21   which are based on ineffective assistance of trial counsel.

22          First, Defendant argues that his trial counsel was ineffective for failing to properly advise

23   him of the amount of time he could receive by accepting the plea agreement.  The recording of

24   Defendant's change-of-plea hearing on May 21, 2012 reveals this claim to be without merit.

25                                          Page 4 of  6

1    Defendant swore at that hearing, *inter alia*, that he understood his trial rights and waived them,

2    that he was "completely" satisfied with his counsel, that he had discussed the terms of the plea

3    agreement with his counsel and that she had answered all of his questions, that he understood the

4    terms of the plea agreement and the possible range of his sentence, that no one had made him any

5    promises outside of the plea agreement, that he understood had an obligation to reveal any such

6    promises, and that he did not make the plea under any duress.  Moreover, Defendant appears to

7    be under the mistaken impression that he received a life sentence, not the maximum of 240

8    months he bargained for.  But the Amended Judgment makes clear that Defendant's sentence is

9    240 months imprisonment.

10          Second, Defendant argues that trial counsel was ineffective for failing to make further

11   investigation into facts concerning the pre-sentencing report.  He argues that counsel should have

12   obtained an expert to testify as to his state of mind during the offense based on his drug use.  But

13   Defendant allocuted to having committed the offense and thereby waived any affirmative defense

14   of incapacity.  His state of mind at the time of the offense would not tend to mitigate the offense.

15   Next, Defendant complains of trial counsel's alleged failure to conduct any pre-trial discovery.

16   But Defendant has allocuted to the offense.  No failure to conduct pre-trial discovery can

17   therefore have resulted in any prejudice as to conviction.

18          Third, Defendant argues that the Court improperly enhanced his sentence with facts not

19   found by a jury.  As noted, *supra*, this claim is both waived and procedurally defaulted.  It is

20   without merit in any case.  As an initial matter, Defendant nowhere identifies the alleged judge-

21   found facts used to improperly enhance his sentence.  His motion recounts the case law for ten

22   pages, but nowhere identifies the alleged error in the present case.  In any case, *Alleyne* and

23   *Apprendi* only prevent a court from increasing statutory minimums and maximums based on

24   judge-found facts.  A court may enhance a sentence with judge-found facts if the resulting

25                                        Page 5 of  6

1    sentence is still *within* the statutory range implicated by an allocution. *United States v. Booker*,

2    543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific

3    sentence within a defined range, the defendant has no right to a jury determination of the facts

4    that the judge deems relevant.").  The 240 month sentence is imposed is not greater than the

5    statutory maximum.

6                                  **CONCLUSION**

7         IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside

8    or Correct Sentence (ECF No. 41 in Case No. 3:11-cr-88) is DENIED.

9         IT IS FURTHER ORDERED that the Motion under 28 U.S.C. § 2255 to Vacate, Set

10    Aside or Correct Sentence (ECF No. 1 in Case No. 3:14-cv-470) is STRICKEN, and the Clerk

11    shall close that case.

12         IT IS FURTHER ORDERED that the Clerk shall enter this Order into the dockets of both

13    of the above-captioned cases.

14         IT IS SO ORDERED.

15    Dated:  This 15th day of October, 2014.

16

17                                ROBERT C. JONES
                                United States District Judge

18

19

20

21

22

23

24

25