# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GUADALUPE ROJAS-GUZMAN, ) <br> ) <br> Defendant. ) | 3:11-cr-00088-RCJ-VPC <br><br> **ORDER** |

Defendant Guadalupe Rojas–Guzman pled guilty to one count of Unlawful Reentry by a Deported, Removed, or Excluded Alien, 8 U.S.C. 1326(a), and the Court sentenced him to 240 months imprisonment. (*See* Am. J. 1–2, ECF No. 35). The Court simultaneously sentenced Defendant to 264 months imprisonment for a separate offense charged in Case No. 3:10–cr–109. Defendant appealed both convictions and sentences. The Court of Appeals affirmed in both cases, noting that Defendant had not raised any claims of error as to the conviction for unlawful reentry and had therefore waived any claims in this case. (*See* Mem. Op. 2 n. 1, June 19, 2013, ECF No. 38). The mandate issued on July 12, 2013. (*See* Mandate, ECF No. 39). Defendant filed a habeas corpus motion in this Court pursuant to 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct his sentence. The Court denied the motion on October 15, 2014. (*See* Order, ECF No. 42).

On May 27, 2016, Defendant filed a motion to dismiss the indictment and suppress the prior removal order. (*See* ECF Nos. 43, 45). On June 8, 2016, the Government filed a timely response opposing the motions, arguing they should be denied as successive § 2255 motions. (*See* ECF No. 44). Defendant's deadline for filing a reply was June 14, 2016, but Defendant did not file a reply until June 27, 2016, (*see* ECF No. 46), two days before the Court denied the motions as successive § 2255 motions (*see* ECF No. 47). As a result of Defendant's delay, the Court was not aware of Defendant's reply before issuing its order. Defendant now moves the Court to reconsider its order by considering the arguments in his reply (ECF No. 51).

In Defendant's reply, he argued that his motion to dismiss the indictment was not a successive § 2255 motion; rather, it was a motion based on the retroactive rule in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because Defendant raised this argument in his reply, the Government has not had an opportunity to respond to it. However, Defendant has already appealed the Court's order denying his motions and, in any case, the *Johnson* argument is procedurally defaulted. As the Court noted in a prior order, (*see* ECF No. 42, at 4), in the plea agreement Defendant waived all collateral challenges to his conviction and sentence (except those for ineffective assistance). (*See* Plea Mem. ¶ 13, ECF No. 26). The Court denies the motion to reconsider.

The Court notes that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, in this circumstance, "the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). In this case, the Court elects to deny the motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 51) is DENIED.

IT IS SO ORDERED.

DATED: This 29th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge