# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES,

    Plaintiff,

vs.

JOSE ROJAS-GUZMAN,

    Defendant.

Case No. 3:10-CR-00109-RCJ-WGC
           3:11-CR-00088-RCJ

**ORDER**

    Defendant moves for an early release from his prison sentence claiming that COVID-19 constitutes an "extraordinary and compelling reason for release." (Mot. Early Release.)[1] Because Defendant has not shown exhaustion of his administrative remedies, the Court denies his motion.

## FACTUAL BACKGROUND

    Defendant is currently serving a 240-month prison sentence in Federal Correction Institution Oakdale (FCI Oakdale) for convictions of drug-related crimes and illegal reentry into the United States. (Mot. Early Release.) After serving more than ten years of his sentence, Defendant now requests early release under 18 U.S.C. § 3582(c), claiming that COVID-19 has

---

[1] The parties have filed identical briefs in Defendant's two cases. In 3:10-CR-00109-RCJ-WGC, Defendant motion is ECF No. 212, and the Government's response is ECF No. 215. In 3:11-CR-00088-RCJ, Defendant motion is ECF No. 64, and the Government's response is ECF No. 67.

reached FCI Oakdale and, as of March 29, 2020, two inmates and one staff member had tested positive for the virus. (*Id.* at 5.) In his motion, he argues that these facts merit his early release but neither alleges nor provides evidence that he has exhausted his administrative remedies.

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this general rule is that a court may reduce a sentence for "extraordinary and compelling reasons" upon a motion from the Director of the Bureau of Prisons or the defendant. § 3582(c)(1)(A)(i). A district court may not, however, grant such a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Statutory exhaustion requirements "establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

## ANALYSIS

Defendant's motion cannot succeed because there is no allegation—let alone proof—that he has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or even that he made such a request to the warden. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (denying the defendant's motion for early release under § 3582(c)(1)(A)(i) based upon COVID-19 concerns because he did not administratively exhaust). Defendant's failure to administratively exhaust his motion is fatal and precludes the Court from reaching its merits. *See generally Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[S]tatutorily-provided exhaustion requirements deprive the court of jurisdiction . . . ." (quoting *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998))).

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF No. 212) in case 3:10-CR-00109-RCJ-WGC is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (ECF No. 64) in case 3:11-CR-00088-RCJ is DENIED.

IT IS SO ORDERED.

Dated:  May 11, 2020.

_____
ROBERT C. JONES
United States District Judge