UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br> v.<br><br>JOSE ROJAS-GUZMAN,<br><br>      Defendant. | Case No. 3:10-cr-00109-HDM-CSD<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br> v.<br><br>GUADALUPE ROJAS-GUZMAN,<br><br>      Defendant. | Case No. 3:11-cr-00088-HDM-CSD<br><br><br>ORDER |

  Before the court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by defendant Guadalupe Rojas-Guzman, also known as Jose Rojas-Guzman. (ECF No. 258 in Case No. 3:10-cr-00109-HDM-CSD; ECF No. 108 in Case No. 3:11-cr-00088-HDM-CSD). Pursuant to Second Amended General Order 2020-06, the Federal Public Defender has filed a notice of non-supplementation (ECF No. 260 in Case No. 3:10-cr-00109-HDM-CSD; ECF No. 111 in Case No. 3:11-cr-00088-HDM-CSD). The government has opposed the defendant's motion. (ECF No. 262 in Case No. 3:10-cr-00109-HDM-CSD; ECF No. 112 in Case No. 3:11-cr-00088-HDM-CSD). The defendant has not filed a reply, and the time for doing so has expired.

1

**I. Background**

On December 27, 2011, the defendant was found guilty, pursuant to jury verdict, of one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, one count of distribution of 50 grams or more of actual methamphetamine, and one count of possession with intent to distribute 50 grams or more of actual methamphetamine. (ECF No. 135 in Case No. 3:10-cr-00109-HDM-CSD). On May 23, 2012, the defendant pleaded guilty, pursuant to an agreement, to one count of unlawful reentry by a deported, removed, or excluded alien. (ECF Nos. 24 & 35 in Case No. 3:11-cr-00088-HDM-CSD). On July 30, 2012, the defendant was sentenced to 264 months on the drug counts and 240 months in the immigration case, all terms concurrent. (ECF Nos. 179 & 181 in Case No. 3:10-cr-00109-HDM-CSD; ECF Nos. 30 & 32 in Case No. 3:11-cr-00088-HDM-CSD). The defendant's sentence on the drug counts was later reduced to 240 months pursuant to the stipulation of the parties, 18 U.S.C. § 3582(c)(2) and Amendment 782. (ECF No. 202 in Case No. 3:10-cr-00109-HDM-CSD).

The defendant has twice filed motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The second motion was granted, in part, and the defendant's sentences were reduced to 212 months. (ECF Nos. 251 & 252 in Case No. 3:10-cr-00190-HDM-CSD; ECF Nos. 101 & 102 in Case No. 3:11-cr-00088-HDM-CSD). With a current projected release date of October 1, 2025,[1] the defendant now --

---

[1] See https://www.bop.gov/inmateloc// (last visited Sept. 16, 2024).

2

for the third time -- seeks a reduction of sentence under § 3582(c)(1)(A).

## II. Standard

Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[3] Section 1B1.13 provides, in relevant part, that a

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). The defendant has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

[3] *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021), which held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts, no longer controls following the November 2023 amendments to § 1B1.13. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb.

3

§ 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g); and (3) the reduction is consistent with the policy statement.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**III. Analysis**

A. Exhaustion

Before an inmate may file a motion for relief pursuant to § 3582(c)(1)(A), he must first present his request to the warden of his institution. The motion may be filed in court after the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or 30 days have passed from the warden's receipt of his request, whichever is earlier.

The defendant filed a request for early release with the warden on April 20, 2024, and more than thirty days have passed since that time. (Ex. A to Mot.) The government does not dispute that the motion is exhausted. Accordingly, the court may consider the defendant's motion.

B. Extraordinary and Compelling Reasons

Section 1B1.13 sets forth several examples of extraordinary and compelling reasons. The defendant's motion relies on subsections (b)(5) and (b)(6). Section 1B.1.13(b)(6) provides:

---

12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

4

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Section 1B1.13(b)(5) provides that extraordinary and compelling reasons might exist where:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Subsections (1) through (4) cover relate to: (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, and (4) circumstances where the defendant was the victim of abuse.

The defendant argues that extraordinary and compelling reasons exists on the following grounds: (1) his sentence, based on the offense level for actual methamphetamine, is grossly disparate from the sentence he would have received if his sentence had been based on the offense level for a mixture containing methamphetamine; (2) his sentence greatly exceeds the typical sentence for his crime; (3) he would qualify for safety-valve treatment if he were sentenced today; and (4) his immigration detainer has made his confinement longer and more difficult than it is for other similarly situated inmates.

1. Methamphetamine disparity

Under the United States Sentencing Guidelines, the base offense level for a mixture or substance containing

5

methamphetamine is lower than the base offense level for the same weight of actual methamphetamine. The defendant's sentencing range here was derived from the base offense level for actual methamphetamine, and he argues that the disparity between his sentence and the sentence he would have received using the offense level for a mixture or substance amounts to extraordinary and compelling reasons for a sentence reduction. There are three reasons the defendant's argument does not justify relief. First, the disparity the defendant identifies existed at the time he was sentenced and is not, therefore, based on a change in the law as set forth in § 1B1.13(b)(6). Second, the court properly sentenced the defendant under the guideline for actual methamphetamine because the Guidelines required as much. *See* U.S.S.G. § 2D1.1(c) note B (the court must apply "the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is greater"); *see also United States v. Rodriguez*, 921 F.3d 1149, 1154 n.3 (9th Cir. 2019). Finally, the disparity the defendant cites is not similar in gravity to the circumstances set forth in U.S.S.G. § 1B1.13(b)(1)-(4) as provided in § 1B1.13(b)(5).

2. Typical Sentences

The defendant argues that his sentence greatly exceeds sentences given to other similarly, situated defendants. This, again, is not an argument based on any change in the law and is not similar in gravity to the circumstances identified in § 1B1.13(b)(1)-(4). This argument also does not justify a sentence reduction in this case.

6

3. Safety Valve

At the time the defendant was sentenced, safety-valve relief was not available to any defendant having "more than 1 criminal history point." 18 U.S.C. § 3553(f)(1) (2010). A December 2018 amendment raised this threshold, and the defendant argues that after this change he would now qualify for safety-valve relief. However, the defendant had only one criminal history point at sentencing. Thus, as he did not have "more than 1 criminal history point," it was not his criminal history points that rendered him ineligible for relief. Rather, the defendant was – and remains – ineligible because he received a two-level enhancement under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager or supervisor in the criminal activity. (PSR ¶ 30; ECF No. 237). Section 3553(f)(4) bars safety-valve relief under these circumstances. *See also* U.S.S.G. § 5C1.2(a)(4) & app. n.5. Because the defendant is not safety-valve eligible, this argument does not justify a sentence reduction in this case.

4. Immigration Detainer

The defendant argues that his immigration detainer has made his confinement harsher and longer than it otherwise would be because he cannot accrue credits toward his sentence and participate in rehabilitative programs that are available to other inmates. The court agrees with other courts that have addressed this same argument and concludes that the consequences of an immigration detainer do not amount to extraordinary and compelling reasons justifying a sentence reduction. *See, e.g., United States v. Ibrahim*, 2024 WL 554548, at *5 (D.S.D. Feb. 12, 2024).

7

Finally, the defendant cites "significant rehabilitation efforts" as a basis for relief. But he does not substantiate this claim in any way. Further, rehabilitation alone cannot support a finding of extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13(d).

**V. Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 258 in Case No. 3:10-cr-00109-HDM-CSD; ECF No. 108 in Case No. 3:11-cr-00088-HDM-CSD) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 7th day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE